1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 JOHN MADRID, | Case No.  **1:16-cv-00143-AWI-JLT (PC)** |
| 12       Plaintiff, | **ORDER DISMISSING COMPLAINT**<br>**WITH LEAVE TO AMEND** |
| 13       v. | **(Doc. 1)** |
| 14 CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al., | **30-DAY DEADLINE** |
| 15       Defendants. | |
| 16 | |

17        Plaintiff alleges that, because he was falsely charged with assaulting a peace officer with a

18 weapon, his personal and legal property was wrongly destroyed in connection with his term in the

19 Security Housing Unit.   Because his allegations fail to state any cognizable claims, the

20 Complaint is **DISMISSED** with leave to amend.

21 **A.      Screening Requirement**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

26 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

27 § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed

28 per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed

as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

**B.**     **Summary of Plaintiff's Complaint**

Plaintiff raises three counts:  (1) violation his right to petition the government and retaliation under the First Amendment as well as his due process rights under the Fourteenth Amendment (Doc. 1, pp. 5-11); (2) violation of his rights to equal protection under the Fourteenth Amendment (*id.*, p. 12); and (3) violation of his rights to due process under the Fourteenth Amendment (*id.*, p. 13), for which he seeks a declaration that his rights were violated, injunctive relief to prevent implementation of section 3191 of Title 15, and money damages(*id.*, p. 14).

For background purposes,[1] Plaintiff states that in 2010, Defendants Joseph Burnes and S. Pease were involved in an incident where another guard beat Plaintiff, which required him to be airlifted to a trauma center and rendered him unconscious for 18 days.  (Doc. 1, p. 5.)  Plaintiff states that those three officers conspired and falsely charged Plaintiff with assaulting Defendant Burnes with a weapon.  (*Id.*)  Plaintiff also states that he is a "known jailhouse lawyer."  (*Id.*)

Under Count I, Plaintiff alleges that, on February 11, 2014, he was placed in ASU at PVSP and that Defendant Lawry used this circumstance to order Defendants I. Tasi and C. Cavasos to dispose of Plaintiff's personal and legal property.  (*Id.*, at p. 6.)  On February 14th and 15th, Defendants I Tasi and C. Cavasos sorted through Plaintiff's property and claimed that he had to downsize his legal property to one banker's box and his personal property to 6 cubic feet.  (*Id.*)  Plaintiff states that his property was supposed to be stored until he was released from ASU, (*id.*, at n. 1), but that on February 15, 2014, Defendants I. Tasi and C. Cavasos cited his black footlocker as being "unserviceable" and disposed of it and 170 pounds of legal paperwork to Plaintiff's active cases as well as his parole plan with supporting certificates and letters for use at

---

[1] Plaintiff does not give any further detail related to this altercation, nor does he attempt to state any claims based on the 2010 altercation.  (Doc. 1, p. 5.)  In fact, Plaintiff states that he is pursuing claims related to this incident in *Madrid v. Pease, et al.*, Eastern District Case Number 1:15-cv-00770-LJO-BAM and in *In re John Madrid*, Fresno County Superior Court Case Number 15CRWR68301B.  (*Id.*)  Thus, his allegations regarding the 2010 incident are not analyzed here.

2

his upcoming parole board review hearing.  (*Id.*, at p. 6.)  Plaintiff states that he filed an inmate grievance on February 27, 2014 challenging disposal of his property as retaliation for his legal activities against the officers who were involved in the 2010 beating and because he helped other inmates with their legal problems.  (*Id.*)  Plaintiff alleges this grievance was denied at all levels because Defendant C. Cavasos noted that Plaintiff elected to dispose of his property rather than mail the items to friends or family; however, Plaintiff states that he did not elect to have his property destroyed, rather he did not have the funds in his account to pay the shipping costs as required under section 3191(c)(1) & (2).  (*Id.*, at p. 7.)

Plaintiff alleges that on July 7, 2014, he was transferred to CSP-Cor with 3 boxes of his personal property and 27 boxes of legal property.  (*Id.*)  On August 21, 2014, Plaintiff received a third of his personal property that had been "transpacked at PVSP," but it did not include any electrical appliances.  (*Id.*)  On September 4, 2014, additional personal and legal property was issued to Plaintiff with a notice that other items of his property (including a battery charger and batteries, hardcover law books, and family photographs) were not being provided since "Non-SHU Allowable."  (*Id.*, at p. 8.)  On September 25, 2014, Plaintiff's SHU term ended, but his personal and legal property had not been disposed of yet, so Plaintiff was held in the SHU until "defendants were able to accomplish their goal of permanently depriving Plaintiff of his personal and legal property as punishment and retaliation for allegedly assaulting Defendant Burnes with a weapon."  (*Id.*)  Upon Plaintiff's release from the SHU in January of 2015, a "building by building cell search was conducted" and Plaintiff's cell was searched on March 31, 2015 at which Defendant Burnes was present.  (*Id.*)  The next day, Defendant Burnes filed a complaint that Plaintiff was a threat to Defendant Burnes' safety because of the 2010 incident.  (*Id.*)  This caused Plaintiff to be placed in a "caged 'dry' cell" for 2-3 hours while a "lock-up order" was prepared to move Plaintiff to the ASU pending his transfer to another facility.  (*Id.*)  Defendants John Doe #1 & #2 packed Plaintiff's property from in his cell, but the lock-up order was not issued so Plaintiff was returned to his cell and given back his property minus a number of toiletry items.  (*Id.*, at p. 9.)  Plaintiff alleges that this targeting of his personal and legal property shows malicious intent and that it is also evident by Defendant M. Magana giving him a cracked bowl and lid that did not

3

match despite the fact that the one that prison official confiscated from him were new (and presumably, matched).  (*Id.*)  Plaintiff also alleges that his television was maliciously targeted a "non-SHU allowable" because of the electrical cord, but his radio with a similar cord was not. (*Id.*, at p. 10.)  Plaintiff alleges he was not in the SHU when Defendant M. Magana disposed of his property out of retaliation for allegedly having assaulted[2] Defendant Burnes.   (*Id.*)

In Count II, Plaintiff alleges that on September 4, 2014, Defendant Magana came to his SHU cell and told Plaintiff that CSP-Cor uses Fed Ex to ship out inmate property.  (Doc. 1, p. 12.)  Plaintiff asked if his items could be held until September 26, 2014 when he would be released from the SHU, but Defendant Magana declined to do so.  (*Id.*)  Plaintiff stated a friend had offered to pay the shipping cost, but Defendant Magana stated that Fed Ex does not accept prepayment and that section 3191 states that payment is only accepted from an inmate's trust account.  (*Id.*)  On September 20, 2014, Plaintiff's friend contacted Defendant Magana requesting information on how to pay for the shipment of Plaintiff's property, but "Obviously the offer to pay postage was rejected." (*Id.*)  On December 11, 2014, Plaintiff wrote to Fed Ex and received a response from them on January 6, 2015 indicating that they would accept prepayment for shipments.  (*Id.*)  As a result, Plaintiff alleges that he was permanently deprived of his personal and legal property solely because he lacked the funds for shipping.  (*Id.*)

In Count III, Plaintiff alleges that prior to the disposal of his personal and legal property he filed an inmate grievance which was declined at all levels to "rubber-stamp" the denial of his property at the lower levels.  (*Id.*, at p. 13.)  Plaintiff also alleges he directly contacted CDCR Secretary, Jeffrey Beard; PVSP Warden Scott Frauenheim; CSP-Cor Warden, Dave Davey; CSP-Cor CCI, T. Wyman; PVSP Sergeant S. Pease; and CSP-Cor Sergeant D.B. Hernandez to report the incident but he received no assistance.  (*Id.*)

Plaintiff has not stated any cognizable claims, but may be able to correct the deficiencies in his pleading so as to state a cognizable claim.  Thus, he is being given the pleading requirements and legal standards for his claims and leave to file a first amended complaint.

---

[2] Plaintiff asserts that the District Attorney dismissed the criminal charge of "attempted murder of a police officer" against him when evidence of perjury and falsification of evidence came to light.  (*Id.*, at p. 10, n. 3.)

**C.    Pleading Requirements**

      **1.    Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff SHALL make it as concise as

5

possible.  He should merely state which of his constitutional rights he feels were violated by each Defendant and the asserted factual basis for the claims.

### 2.    Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names, but fails to link Correctional Guard A. Bustinza to any of his allegations. Plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3.    Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party.  However, Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly

joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims and/or there must be a similarity of parties.  The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make claims related for purposes of Rule 18(a).  Specifically, it appears that Plaintiff's allegations based on events that occurred at PVSP are not related to those that occurred at CSP-Cor.  All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal.  However, he may file a separate action to address these claims.

Plaintiff is cautioned that if he fails to make the requisite election regarding which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims can proceed and which will be dismissed.  *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013).  Whether any claims will be subject to severance by future order will depend on which claims are pled in the amended complaint and which, if any, of those pled are viable.

**D.**     **Plaintiff's Claims**

   **1.**     **Retaliation**

Prisoners have a First Amendment right to be free from retaliation for filing grievances against prison officials.  *Waitson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).  A retaliation claim has five elements.  *Id.* at 1114.  First, the plaintiff must show that the underlying conduct is protected.  *Id.*  The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Second, the plaintiff must show the defendant took adverse action against the plaintiff.  *Rhodes*, at 567.  Third, the plaintiff must show a causal connection between the adverse action and the protected conduct.  *Waitson*, 668 F.3d at 1114.  Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from

future First Amendment activities." *Rhodes,* 408 F.3d at 568.  Fifth, the plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only show facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).  The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a protected activity, and the retaliatory conduct must *not* have reasonably advanced a legitimate penological goal.  *Brodheim*, 584 F.3d at 1271-72.

For these reasons, Plaintiff's mere allegation that he was a "known jailhouse lawyer," without demonstrating a connection between this and the resulting acts by the defendants, is insufficient to show that Plaintiff's protected activity was the motivating factor behind any of the Defendants' alleged actions.  For example, Plaintiff does not allege <u>facts</u> to support that Defendants Lawry, I. Tasi, or C. Cavasos had any knowledge of his protected activities while he was jailed at PVSP.  Plaintiff does not allege that he was placed in ASU at PVSP on February 11, 2014 in retaliation for any protected conduct.  Further, Plaintiff also does not allege any chilling actions by any of the Defendants at PVSP.  It appears that Plaintiff's property was not disposed of at PVSP since he was transferred to CSP-Cor in July with 3 boxes of personal property and 27 boxes of legal property, more of his property arrived in September excluding items that were "Non-SHU Allowable," and he alleges that on September 25, 2014, his SHU term ended, but his personal and legal property had not been disposed of yet.  (Doc. 1, pp. 7-8.)  Thus, Plaintiff fails to state a cognizable retaliation claim against Defendants Lawry, I. Tasi, and C. Cavasos based on the handling of his property while he was in the SHU at PVSP.

Plaintiff likewise fails to allege <u>facts</u> to show that any of the actors at CSP-Cor had knowledge of his prior grievance and/or litigation activities.  Further, Plaintiff alleges that he was held in the SHU at CSP-Cor beyond his SHU term for disposal of his property "as punishment and retaliation for allegedly assaulting Defendant Burnes with a weapon."  (Doc. 1, p. 8.) Plaintiff also alleges that his property was targeted and that the malicious intent is evidenced a

cracked bowl and mismatched lid he received when Defendant Magana returned his property to Plaintiff since Plaintiff's bowls that were confiscated were all new.  (*Id.*, p. 9.)  Plaintiff also alleges that his TV was maliciously targeted as "Non-SHU Allowable" because of its cord, but his radio with a similar cord was not.  (*Id.*, p. 10.)  Plaintiff finishes his allegations pertaining to his property at CSP-Cor by alleging that he was no longer in the SHU when Defendant M. Magana disposed of his property out of retaliation for allegedly having assaulted Defendant Burnes.  (*Id.*)  However, assaulting Defendant Burnes is not protected activity upon which he may state a claim for retaliation in violation of the First Amendment.  Thus, Plaintiff fails to state a cognizable retaliation claim based on events that occurred pertaining to his property at CSP-Cor.

## 2.     Access to Courts

Plaintiff identifies a "First Amendment Right to Petition the Government" as part of his first claim which it appears he may have intended to be an infringement on his right to access the courts.  (Doc. 1, p. 5.)  Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Lewis*, 518 U.S. at 354.  Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  *Id.* at 355.  Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights.  *Id.* at 354 (quotations and citations omitted).  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.* at 355 (emphasis in original).

To assert a forward-looking access claim, the non-frivolous "underlying cause of action

9

and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).  To state such a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  *Id*.  It is not enough for Plaintiff merely to conclude that the claim was non-frivolous.  The complaint should instead "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."  *Id*. at 417-418.

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense, but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413–414, overruled on other grounds*, Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2009) (reversed and remanded *Phillips v. Hust,* on qualified immunity grounds without change or discussion of elements for an access to court claim)).

Plaintiff's claim that the disposal of his legal documents impaired his access to the courts is not cognizable as he has not shown loss of any underlying claim.

### 3.    Due Process

Plaintiff alleges that he was held over in the SHU at CSP-Cor so his personal and legal property could be destroyed.  The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co*., 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available,"
*Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

It does not appear that Plaintiff's personal and legal property was destroyed as part of an authorized process -- since he alleges that his property was not destroyed during his term in the SHU.  Rather he alleges that Magana disposed of his property in December of 2014 after he was released from the SHU for Magana's own personal reasons.  (Doc. 1, p. 10.)  Such an unauthorized deprivation of property, either intentional or negligent, by a state employee is not actionable under § 1983 if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California law provides an adequate post-deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Thus, Plaintiff may not pursue a claim based on Defendant Magana's alleged disposal of Plaintiff's property under § 1983.

### 4.      Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated

11

differently without a rational relationship to a legitimate state purpose.  *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), see also *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  *Village of Willowbrook*, 528 U.S. at 564.

Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff does not state a cognizable Equal Protection claim.  He fails to state any information to show membership in a protected class; he does not show that he was intentionally treated differently from others similarly situated; nor does he show any discriminatory intent on the part of the named Defendants.

### 5.      Inmate Appeals

Plaintiff's third count complains of violation of his rights under the Due Process Clause based on the handling and processing of his inmate grievances.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which

12

"imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beat a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to prove the elements of a constitutional violation purely for the processing and/or reviewing of his inmate appeals.

However, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). Such knowledge and acquiescence may be shown via the inmate appeals process where the supervisor was involved in reviewing Plaintiff's applicable inmate appeal and failed to take corrective action which allowed

13

the violation to continue.  However, such involvement in processing and/or reviewing an inmate appeal based on one incident is necessarily insufficient.  Further, liability will not attach for a supervisor's knowledge of an acquiescence unless the subordinate's actions violated Plaintiff's constitutional rights -- which has not been shown here.

### 6. Supervisory Liability

It appears that Plaintiff may have named Secretary Beard, Wardens Frauenheim and Davey, CCI Wyman, and Sergeant Pease merely because they hold supervisorial positions and he wrote to them about his claims.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), conduct and the constitutional violation."  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).  "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.  The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right."  *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).  A mere showing that they learned of the acts later is insufficient.

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id.* (alteration in original; internal quotation marks omitted), or by "knowingly

14

refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted). Thus, any allegation that supervisory personnel are liable merely because of the acts of those under his or her supervision does not state a cognizable claim.

**E.      Relief Sought**

In addition to monetary damages, Plaintiff seeks declaratory and injunctive relief.  (Doc. 1, p. 14.)

**1. Declaratory Relief**

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village,* 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

Further, a declaratory judgment may only issue if there exists "a case of actual controversy" before the court.  28 U.S.C. § 2201(a); *Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981).  "A case or controversy exists justifying declaratory relief only when 'the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" *Headwaters, Inc. v. Bureau of Land Management, Medford Dist*., 893 F.2d 1012, 1015 (9th Cir. 1989); *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 122 (1974).

In the event that this action reaches trial and the jury returns a verdict in Plaintiff's favor,

1    that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly,

2    Plaintiff's request for a declaration that Defendants violated his rights is dismissed.

3         **2.  Injunctive Relief**

4         "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

5    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

6    balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*

7    *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 19 (2008) (citations omitted).  Where a

8    prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another

9    prison renders the request for injunctive relief moot absent some evidence[3] of an expectation of

10   being transferred back.  *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*,

11   948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *see also Andrews v. Cervantes*, 493 F.3d 1047,

12   1053, n.5 (9th Cir. 2007).  Accordingly, Plaintiff's transfer, away from CSP-Cor and PVSP,

13   rendered any claims for injunctive relief moot and they are dismissed.  Thus, Plaintiff is limited to

14   seeking damages for the past violation of his rights at CSP-Cor and PVSP.  *Pinnacle Armor, Inc.*,

15   648 F.3d at 715; *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).

16                              **CONCLUSION**

17        For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first

18   amended complaint **within 30 days**.  If Plaintiff files an amended complaint and fails to state any

19   cognizable claims, the Court will recommend that the action be dismissed with prejudice based on

20   his failure to state a claim -- which will count as a strike for purposes of his eligibility for *in*

21   *forma pauperis* status under 28 U.S.C. § 1915(g).  *See Richey*, 807 F.3d at 1208.  Thus, if

22   Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal instead

23   of an amended complaint which would not count as a strike.

24        Plaintiff must demonstrate in any first amended complaint how the conditions complained

25   of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d

26

27   ───────────────

[3] Mere allegations that a Plaintiff might be transferred back to the offending facility, or that such is always a possibility, are remote and speculative and insufficient to cast the "continuing and brooding presence" required to grant injunctive relief.  *See Preiser*, 422 U.S. at 403.

28

227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named

defendant is involved.  There can be no liability under section 1983 unless there is some

affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo

v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.

Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and

plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.

Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555

(2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v.

Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,

2012) (en banc), and must be "complete in itself without reference to the prior or superceded

pleading,"  Local Rule 220.

The Court provides Plaintiff with **<u>one, final</u>** opportunity to amend to cure the deficiencies

identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first

amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).  Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED with leave to amend**;

2. The Clerk's Office is directed to send Plaintiff a civil rights complaint form;

3. **Within 30 days** from the date of service of this order, Plaintiff must file a first

   amended complaint curing the deficiencies identified by the Court in this order or

   a notice of voluntary dismissal; and

///

///

///

17

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: __November 16, 2016__          ____/s/ Jennifer L. Thurston__
                                                             UNITED STATES MAGISTRATE JUDGE